IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| GERALD G. BOHR,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | No. C16-2108-LTS<br><br>**MEMORANDUM OPINION<br>AND ORDER ON REPORT AND<br>RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable C.J. Williams, Chief United States Magistrate Judge. Doc. No. 15. Judge Williams recommends that I affirm the Commissioner's determination that plaintiff Gerald G. Bohr was not disabled. Neither party has objected to the R&R. The deadline for such objections has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it

embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.

2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. THE R&R

Bohr filed an application for disability insurance benefits on July 8, 2013, alleging an onset date of August 1, 2010. AR 11. In a 2015 decision, an ALJ concluded that Bohr had severe impairments due to degenerative disc disease bilateral knees, status-post total knee replacement, osteoarthritis, obesity and depression. AR 13. She found that while Bohr was unable to perform any past relevant work (AR 26), there were other jobs that exist in significant numbers in the national economy that he could perform. AR 27. Bohr's request for review was denied on July 28, 2016. AR 1. He filed a complaint on September 20, 2016, and Judge Williams filed his R&R on September 7, 2017.

Bohr argued that the ALJ's decision was erroneous because she (1) failed to properly consider the conclusions of examining physician Dr. Noli Mendoza, (2) failed to give a good reason for discounting a finding of disability by the Department of Veterans Affairs (VA), (3) made a residual functional capacity (RFC) assessment that was not supported by substantial medical evidence and (4) discounted Bohr's subjective allegations without identifying inconsistencies in the record. Doc. No. 15 at 7.

Judge Williams addressed each issue separately. He summarized the ALJ's finding on the first issue as follows:

> Dr. Mendoza performed compensation and pension evaluations on Claimant in February and September 2012. (AR 23). Although Dr. Mendoza was a treating physician and did opine that Claimant could not perform sedentary or light work, could not sit for extended periods greater than fifteen minutes, and could not walk more than a few yards, Dr. Mendoza also found that Claimant could lift, carry, push, and pull up to twenty pounds. (AR 404-05). Notably, Dr. Mendoza offered no support for his findings that Claimant was limited in sitting, standing, and walking greater than a few yards. (*Id.*). Absent substantiation for the assertion that Claimant was limited in these activities, coupled with Dr. Mendoza's

4

> finding that Claimant could handle upwards of twenty pounds, the ALJ found that Dr. Mendoza's opinions were internally inconsistent. (*Id.*).
>
> The ALJ further found that prior to Dr. Mendoza's evaluations, Claimant reportedly had no issues with daily activities, "could walk and climb stairs okay," and had reported only "mild to moderate functional impairment during flare-ups, but . . . this was 'annoying mostly.'" (AR 23). Subsequent to Dr. Mendoza's evaluations, Claimant reported in May 2013 that he was able to walk up to three miles, assisted with Memorial Day celebrations, went camping, horseback riding, and served as a volunteer football coach for his son's team. (AR 23). Finally, following knee surgery, Claimant's condition improved and was progressing as expected. (AR 24). In December 2014, Claimant walked up to one mile twice per week and was assessed no walking restrictions. (*Id.*).

Doc. No. 15 at 8. Because Bohr's own admissions and Dr. Mendoza's evaluation notes were inconsistent with Dr. Mendoza's opinion, the ALJ afforded the opinion little weight. Doc. No. 15 at 8–9. Judge Williams held that the ALJ correctly found that Dr. Mendoza's records did not support the limitations he imposed and that the evidence on the record as a whole was inconsistent with Dr. Mendoza's opinions. Doc. No. 15 at 9. He found that the ALJ properly looked to other substantial evidence in the record and that Bohr's own assertions about his physical activities contradicted Dr. Mendoza's opinion. Doc. No. 15 at 10.

Next, Judge Williams addressed the weight that the ALJ gave the VA's finding of disability. He found that the ALJ fully considered the evidence underlying the VA's finding and properly declined to adopt the VA's determination. Judge Williams stated:

> Contrary to Claimant's assertions, the ALJ did fully consider the evidence underlying the VA's disability determination. In addition to noting that Claimant had only a seventy percent service connected disability and was paid at one hundred percent due to a finding of unemployability (AR 16, 23, 44), the ALJ went on to address the evidence underlying the VA's decision. Notably, the ALJ determined that Dr. Paul Pellett, M.D., who treated Claimant in connection with his VA claim, made findings that were inconsistent with both his own treatment notes and with the substantial evidence in the record as a whole. (AR 22-23). The Eighth Circuit Court of Appeals has repeatedly held that where an ALJ considers the evidence

underlying another agency's finding of disability, this consideration is sufficient to satisfy the demand to give such a finding explicit attention. *Baker v. Colvin*, 620 F. App'x 550, 555 (8th Cir. 2015); *Pelkey*, 433 F.3d at 579 ("[T]he ALJ did not err because he fully considered the evidence underlying the VA's final conclusion that [Claimant] was 60 percent disabled."). Thus, although the ALJ did not explicitly reference the VA's determination throughout her own decision, the ALJ's thorough assessment of the evidence used in the VA's determination shows that the ALJ did, in fact, give explicit attention to the VA's finding. The ALJ was not bound by the VA's finding and thus was fully entitled to find that Claimant was not entitled to disability benefits following a consideration of the VA's finding. 20 C.F.R. § 1504; *Pelkey*, 433 F.3d at 579; *Jenkins*, 76 F.3d at 233.

Doc. No. 15 at 11.

Judge Williams next found that the ALJ's RFC findings were supported by substantial evidence and that the ALJ properly assessed the medical evidence available in the record. Doc. No. 15 at 13.

> [T]he ALJ found that Dr. Mendoza's opinions were conclusory and did not provide any support for the findings that Claimant could not sit for extended periods of time and could not walk more than a few yards. (AR 23). Furthermore, as discussed extensively above, Claimant's admissions regarding his physical activities, capabilities, and potential ability to work with some assistance from the VA provided an adequate basis upon which the ALJ could find conflict with Dr. Mendoza's opinion and therefore not accord Dr. Mendoza's opinion controlling weight. Note that while the ALJ did not wholly disregard Dr. Mendoza's opinion—rather, the ALJ "afforded [Dr. Mendoza's] opinions little weight (AR 24)—an ALJ has the discretion to disregard such conclusory statements as those rendered by Dr. Mendoza, contrary to what Claimant may argue. Finally, while affording little weight to Dr. Pellett's ultimate conclusion of Claimant's inability to work, the ALJ spent a significant amount of time discussing the medical evidence provided by Dr. Pellett in evaluating Claimant's disability status. As the ALJ clearly did rely on Dr. Pellett's underlying medical opinions, and only refused reliance on those findings that were within the ALJ's prerogative, the ALJ's ultimate denial of disability benefits was supported by medical evidence. (AR 22).

Doc. No. 15 at 12–13.

Finally, Judge Williams held that the ALJ properly found that Bohr's subjective statements were not supported by the objective medical evidence due to inconsistencies in his reports regarding his pain, mobility and daily activities. Doc. No. 15 at 14. His treatment record and reported recovery were also inconsistent with his claimed limitations. Doc. No. 15 at 14–15. Judge Williams stated,

> [t]he ALJ did not disregard Claimant's allegations of pain, as the ALJ incorporated into her residual functional capacity assessment limitations on how much weight Claimant could lift and carry, restrictions on his ability to sit, stand, walk, kneel, and crouch, and determined that Claimant could never crawl. (AR 15). Further, Claimant's back pain was well controlled and manageable with medication, and he progressed in the normal fashion following knee surgery. Significantly, Claimant's statements to medical providers regarding his physical abilities and activities, as well as his complaints of pain, show wide variances from the allegations Claimant testified to.

Doc. No. 15 at 16.

## IV.    DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards for evaluating the weight the ALJ gave a treating source's opinion, the weight the ALJ gave to another agency's disability determination, the claimant's credibility determination and the support of substantial evidence for the claimant's RFC. I find no error in his recommendation. As such, I adopt the R&R in its entirety.

## V.    CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Williams' R&R without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Williams' recommendation:

7

    a.    The Commissioner's determination that Gerald G. Bohr was not disabled is **affirmed**.

    b.    Judgement shall enter in favor of the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 2nd day of October, 2017.

_____
Leonard T. Strand, Chief Judge